1    The Honorable Robert S. Lasnik

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
8    AT SEATTLE

9    NORTH COAST ENTERPRISES, INC., a
     Washington corporation,
10
                        Plaintiff,
11
          v.                                    NO. C05-653 RSL
12
     ST. PAUL FIRE & MARINE INSURANCE           ANSWER AND AFFIRMATIVE DEFENSES TO
     COMPANY, a Minnesota corporation,          FIRST AMENDED COMPLAINT
13
                        Defendant.
14

15                          **I. ANSWER**

16       1.    Admit.

17       2.    Admit.

18       3.    Admit.

19       4.    Admit.

20       5.    Admit that the court has personal jurisdiction over the parties, but

21   otherwise deny paragraph 5.

22       6.    Admit venue is proper because defendant resides in this judicial district, but

23   otherwise deny paragraph 6.

24       7.    Answering the first sentence, St. Paul admits that a policy exists, but

25   otherwise states that the policy speaks for itself.  The second sentence is admitted.

26   FIRST AMENDED ANSWER (C05-653 RSL) - 1

EKLUND ROCKEY STRATTON, P.S.
ATTORNEYS AT LAW
521 SECOND AVENUE WEST
SEATTLE, WASHINGTON  98119-3927
(206) 223-1688

1    8.    Answering paragraph 8, St. Paul admits that insurance policy IM08401196

2    was issued effective December 29, 2000 to December 29, 2001, and a renewal policy

3    was issued effective December 29, 2001 to December 29, 2002.   The remainder of

4    paragraph 8 is denied.

5    9.    Paragraph 9 contains legal conclusions requiring no response, and the

6    policy speaks for itself.  Alternatively, paragraph 9 is denied.

7    10.    Answering paragraph 10, St. Paul admits that North Coast lodged what it

8    purported to be a "claim" with St. Paul, but St. Paul otherwise denies paragraph 10.

9    11.    Answering paragraph 11, St. Paul states that the referenced document

10   speaks for itself.  Alternatively, paragraph 11 is denied.

11   12.    Answering paragraph 12, St. Paul states that the referenced document

12   speaks for itself.  Alternatively, paragraph 12 is denied.

13   13.    Denied.  St. Paul affirmatively alleges that North Coast had a copy of the

14   policy and thus a full disclosure of "all pertinent benefits, coverages or other provisions"

15   in the policy.

16   14.    Admit.

17   15.    Admit the existence of a letter dated January 12, 2004, which speaks for

18   itself.  Otherwise deny.

19   16.    Admit the existence of a letter dated January 26, 2004, which speaks for

20   itself.  Paragraph 16 is otherwise denied.

21   17.    Denied.

22   18.    Denied.

23   19.    Denied.

24   20.    Admit the existence of correspondence dated April 8, 2004, which speaks

25   for itself.  Otherwise deny paragraph 20.

26   FIRST AMENDED ANSWER (C05-653 RSL) - 2

trnc-p-aw-amd.doc/JD

**EKLUND ROCKEY STRATTON, P.S.**
ATTORNEYS AT LAW
521 SECOND AVENUE WEST
SEATTLE, WASHINGTON  98119-3927
(206) 223-1688

21.     Admit information was provided on or about April 22, but otherwise deny paragraph 21.

22.     Admit the existence of a proof of loss provided on or about May 26, 2004, which speak for itself.  Otherwise deny paragraph 23.

23.     Admit the existence of correspondence dated August 5, 2004, which speaks for itself.  Otherwise deny paragraph 24.

24.     Admit that Examinations Under Oath were taken, but otherwise deny paragraph 24.

25.     Admit the existence of correspondence dated December 31, 2004, which speaks for itself.  Otherwise deny paragraph 25.

26.     This paragraph consists of legal argument that requires no response.  Alternatively, it is denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

## II. AFFIRMATIVE DEFENSES

1.     The policy is subject to reformation in order to properly reflect the mutual intent of St. Paul and the policy purchaser, HMI Real Estate, regarding the nature and extent of Loss of Income coverage.  Specifically, HMI applied for a policy which HMI and/or its representatives knew and expected would be subject to terms, conditions, and

FIRST AMENDED ANSWER (C05-653 RSL) - 3

EKLUND ROCKEY STRATTON, P.S.
ATTORNEYS AT LAW
521 SECOND AVENUE WEST
SEATTLE, WASHINGTON  98119-3927
(206) 223-1688

1  limitations with respect to the Loss of Income coverage.  St. Paul offered and intended to

2  sell and deliver a policy with the terms, conditions, and limitations standard to its Builders

3  Risk policy form, and HMI requested nothing else.  Due to a clerical error on St. Paul's

4  part, the intended policy language was omitted from the physical documents, so that now

5  the only reference to Loss Of Income coverage is contained in a Coverage Summary that

6  is, on its face, incomplete.

7       2.    Plaintiff's claim is limited and/or barred due to plaintiff's lack of an insurable

8  and/or financial interest all or part of the property involved in the asserted claim.

9       3.    Plaintiff's claim is limited and/or barred by the exclusions for "Acts or

10  decisions of people," and "Planning, design, materials, maintenance," found in the

11  "General Rules – Washington" (Form 40767 Rev. 10-98), at page 6.

12      4.    Plaintiff's claim is limited and/or barred by the exclusion for "Delay – loss of

13  market" found in the "Contractor's and Owner's Property Protection" (Form 42642 Ed 8-

14  90) at page 4.

15      5.    Any amount payable would be subject to applicable limits, sub-limits, and

16  deductibles.

17      6.    This suit is barred by the two year contractual suit limitation contained in

18  "General Rules – Washington" (Form 40767 Rev. 10-98), at page 4.

19      7.    Plaintiff's breach of policy conditions bars its claim for *Olympic Steamship*

20  attorney fees.

21      8.    Dispute over the amount of loss is subject to the arbitration provision found

22  at "General Rules – Washington" (Form 40767 Rev. 10-98), at page 4.

23                                    **PRAYER**

24      1.    Plaintiff's Complaint should be dismissed with prejudice and with costs and

25  attorney fees awarded to defendant.

26
FIRST AMENDED ANSWER (C05-653 RSL) - 4

trnc-p-aw-amd.doc/JD

EKLUND ROCKEY STRATTON, P.S.
ATTORNEYS AT LAW
521 SECOND AVENUE WEST
SEATTLE, WASHINGTON  98119-3927
(206) 223-1688

2.    The Court should reform the policy to add the missing language concerning the Loss of Income coverage.

3.    The Court should award such further relief as it deems just.

DATED this 19th day of December, 2005.

EKLUND ROCKEY STRATTON

_____
James T. Derrig, WSBA 13471
Attorneys for Defendant
521 Second Avenue West
Seattle, WA  98119-3927
Telephone: (206) 223-1688
Fax: (206) 223-0946
E-mail: jtdservice@erslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on _12/19_ , 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Gregory L. Harper and/or Steven N. Driggers, Attorneys for Plaintiff.

DATED this _19_ day of _December_ , 2005.

EKLUND ROCKEY STRATTON

_____
James T. Derrig, WSBA 13471
Attorneys for Defendant
521 Second Avenue West
Seattle, WA  98119-3927
Telephone: (206) 223-1688
Fax: (206) 223-0946
E-mail: jtdservice@erslaw.com

FIRST AMENDED ANSWER (C05-653 RSL) - 5

trnc-p-aw-amd.doc/JD